DE LA PEÑA & MCDONALD LLP
Steven E. McDonald (SBN 121949)
Charles J. Murray (SBN 106750)
Keith L. Cooper (SBN 175741)
785 Market Street, 14th Floor
San Francisco, CA 94103
Telephone:   415-227-4100
Facsimile:    415-227-4116
E-mail:   smcdonald@dlpmcd.com
E-mail:   charlesjarvismurray@gmail.com
E-mail:   kcooper@dlpmcd.com

Attorneys for Plaintiff

MENNEMEIER, GLASSMAN & STROUD LLP
ANDREW W. STROUD (SBN 126475)
980 9th Street, Suite 1700
Sacramento, CA  95814
Telephone:   916-553-4000
Facsimile:    916-553-4011
E-mail:   stroud@mgslaw.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.),<br><br>                   Plaintiff,<br><br>v.<br><br>AT&T MOBILITY, LLC; and DOES 1 TO 200, inclusive,<br><br>                   Defendants. | Case No. 2:07-cv-02517 (FCD-GGH)<br><br>**JOINT STATUS REPORT**<br><br><br><br>Complaint Filed:   November 21, 2007<br>Trial Date:           February 23, 2010<br><br>The Honorable Frank C. Damrell, Jr. |

    Plaintiff GENERAL CHARLES E. "CHUCK" YEAGER (Ret.) ("Plaintiff") and Defendant AT&T MOBILITY, LLC ("Defendant") hereby submit this Joint Status Report in accordance with the Court's Minute Order of March 16, 2009.

/ / /

/ / /

/ / /

A. **SUMMARY OF THE CLAIMS AND LEGAL THEORIES**

**Plaintiff's Statement:**

Plaintiff's Complaint, filed November 21, 2007, generally alleges causes of action for breach of California common-law rights to privacy/publicity, violation of California Civil Code Section 3344, violation of the Lanham Act (15 U.S.C. § 1125(a)) for false endorsement, unjust enrichment, the California False Advertising Act (Cal. Bus. & Prof. Code § 17500 et seq.), and the California Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200 et seq.), relating to the Defendant's use of Plaintiff's protected name and identity in a commercial advertisement by Defendant for Defendant's wireless cellular data and voice services and products on approximately May 17, 2006.

**Defendant's Statement:**

Plaintiff alleges claims for violation of the common law right to privacy and/or publicity; violation of California Civil Code § 3344; violation of 15 U.S.C. § 1125(a); violation of California Unfair Business Practices Act, §§ 17200 et seq.; violation of California False Advertising Act, §§ 17500 et seq.; and unjust enrichment. Plaintiff's claims are based entirely on Defendant's May 17, 2006 news release (the "News Release") attached as Exhibit 1 to Plaintiff's Complaint.

On March 27, 2008, Defendant filed a motion to dismiss Plaintiff's Complaint on several grounds. The Court issued an Order denying the motion on June 12, 2008. On June 26, 2008, Defendant filed an answer to Plaintiff's Complaint, in which it denies each of Plaintiff's claims.

Defendant intends to pursue several affirmative defenses in this case including, but not limited to: Plaintiff's failure to state any claim upon which relief can be granted; that Plaintiff's claims are barred by the applicable statutes of limitations; Plaintiff has waived and/or is estopped from asserting each of his claims as a result of acts subsequent to publication of the News Release; Plaintiff has not been damaged by any of Defendant's activities and/or he failed to mitigate any alleged damages; Plaintiff fails to state facts upon which the claims for exemplary, enhanced and/or punitive damages or attorneys' fees may be maintained; Plaintiff cannot

demonstrate secondary meaning and/or a likelihood of confusion; consumers were not confused by any statement in the News Release; Defendant's News Release is protected by the First Amendment and was about a matter in the news and of public interest; Defendant's News Release is protected by the freedom of the press; the reference to Plaintiff's historical achievement in the News Release was incidental and not for the purpose of identifying goods or services, was permissible fair use and about a matter in the public domain; Defendant was privileged in referring to Plaintiff's historical achievement in the News Release, acted reasonably, in good faith and its actions were justified.

The issues are fairly discrete and therefore present a relatively uncomplicated case.

**B.   PROGRESS IN THE SERVICE OF PROCESS**

All parties have been served. Pursuant to written stipulation, filed with this Court on March 27, 2008, the parties agreed to the (1) substitution of AT&T Mobility, LLC as the defendant in this action; and (2) simultaneous dismissal of defendants Cingular Wireless, LLC; BellSouth; SBC Communications; and American Telephone & Telegraph without prejudice.

**C.   POSSIBLE JOINDER OF ADDITIONAL PARTIES**

The parties are not aware of any particular individuals or entities to be joined at this time.

**D.   EXPECTED OR DESIRED AMENDMENT OF PLEADINGS**

At this time, the parties do not anticipate filing or requesting any amendment(s) to the pleadings.

**E.   JURISDICTION AND VENUE**

Plaintiff alleges diversity and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1337 and claims that the amount in controversy exceeds $100,000.00. Defendant AT&T Mobility, LLC is a Delaware corporation with its principal place of business in Atlanta, Georgia. Plaintiff is a resident of the State of California. Plaintiff also invokes the subject matter jurisdiction of the Court pursuant to 28 U.S.C. § 1331. Defendant has admitted that this judicial district is an appropriate venue for Plaintiff's action.

**F.     ANTICIPATED DISCOVERY AND SCHEDULING OF DISCOVERY**

**Plaintiff's Statement:**

The parties have commenced discovery and are prepared to meet the deadlines and requirements set forth in the Court's July 23, 2008 Scheduling Order.

**Defendant's Statement:**

**1.     What changes, if any, should be made in timing, form or requirement for disclosures under Rule 26(a), including statement as to when disclosures will be made.**

The parties have already made initial disclosures pursuant to Federal Rule of Civil Procedure 26(a).

**2.     The subjects on which discovery may be needed; when discovery should be completed and whether discovery should be conducted in phases.**

(a)     Defendant expects discovery to encompass all matters set forth in Plaintiff's Complaint and Defendant's Answer and affirmative defenses.

(b)     Defendant does not wish to change the discovery completion date of June 8, 2009, as set forth in the Court's July 23, 2008 Status (Pretrial Scheduling) Order.

(c)     Defendant does not recommend that discovery be conducted in phases.

**3.     What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed.**

(a)     Defendant proposes that the interrogatories may exceed the statutory limit of twenty-five (25) specified in Federal Rule of Civil Procedure 33 , and proposes that each party may serve up to fifty (50) interrogatories on each other party without requiring any additional stipulation or court order.

(b)     Defendant believes that a protective stipulation and order will be required to protect and limit the use of confidential business, proprietary, or financial information exchanged during discovery.  The parties are currently working to put together such a stipulation.

(c)     Defendant proposes that the parties agree that the inadvertent production

of attorney-client or work product material shall not be deemed a waiver of the privilege if asserted within a reasonable time of the inadvertent production and that the receiving party shall notify the producing party of the document(s), promptly return the document(s) and not seek to admit them into evidence. This issue may be addressed in the stipulated protective order that Defendant proposes the parties present to the Court for its consideration.

    **4.** **The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2).**

Defendant does not wish to change the dates for exchange of initial experts reports (June 22, 2009), exchange of rebuttal expert reports (July 13, 2009), and completion of expert discovery (August 13, 2009) set forth in the Court's July 23, 2008 Status (Pretrial Scheduling) Order.

**G.** **CONTEMPLATED DISPOSITIVE MOTIONS AND PROPOSED DATE BY WHICH ALL NON-DISCOVERY MOTIONS SHALL BE HEARD**

**Plaintiff's Statement:**

The Court's Order provides October 16, 2009 as the last day for dispositive motions to be heard.

**Defendant's Statement:**

Defendant intends to file a summary judgment motion on each of Plaintiff's claims. Per the Court's prior order, the last day for dispositive motions to be heard is October 16, 2009. Defendant does not wish to alter that date.

**H.** **PROPOSED DATE FOR FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference is currently set for December 18, 2009 at 1:30 p.m. The parties do not wish to change that date.

**I.** **ESTIMATE OF TRIAL LENGTH AND JURY TRIAL**

A jury trial is currently set for February 23, 2010 at 9:00 a.m and is estimated to last seven to fifteen (7-15) days. The parties have no changes to make to that date or to the estimated length of trial.

**J.** **APPROPRIATENESS OF SPECIAL PROCEDURES**

The parties do not believe that at this stage in the litigation there is a need to refer

457.01.joint status report.wpd    5
JOINT STATUS REPORT

this case to a special master, the magistrate judge, or the Judicial Panel on Multidistrict Litigation. The parties also do not believe that this litigation calls for the application of the Manual for Complex Litigation.

### K. PROPOSED MODIFICATION OF STANDARD PRETRIAL PROCEDURES

The parties do not propose any modifications to the standard pretrial procedures or to the procedures set forth in the Court's July 23, 2008 Status (Pretrial Scheduling) Order.

### L. RELATION TO OTHER CASES

**Plaintiff's Statement:**

This case is not related or associated with any other cases.

**Defendant's Statement:**

Plaintiff currently has another action pending in the Eastern District, styled as *General Charles "Chuck" Yeager, (Ret.) and General Chuck Yeager Foundation v. Connie Bowlin, et al.*, CV-00102-WBS-JFM, that is unrelated to the facts and/or Defendant in this case.

### M. PROSPECTS FOR SETTLEMENT

**Plaintiff's Statement:**

Plaintiff believes a settlement conference or mediation after expert discovery would be appropriate and helpful.

**Defendant's Statement:**

Defendant proposes an early settlement conference with a magistrate judge and/or mediation with an experienced mediator near the end of discovery. The parties do not elect referral of the action to the Voluntary Dispute Resolution Program.

### N. OTHER MATTERS

**Plaintiff's Statement:**

There are no other matters which need to be addressed at this time.

**Defendant's Statement:**

Defendant wishes to advise the Court that Mennemeier, Glassman & Stroud LLP is transitioning into the role of lead counsel for Defendant in this matter. An appropriate motion

1 | reflecting this transition will be filed with the Court shortly.

2

3 | Dated: April 17, 2009                    DE LA PEÑA & MCDONALD LLP
                                             CHARLES J. MURRAY

4

5 |                                          By:  /s/ Charles J. Murrary
6 |                                               Charles J. Murray
                                                  Attorneys for Plaintiff

7
8 | Dated: April 17, 2009                    MENNEMEIER, GLASSMAN & STROUD LLP
                                             ANDREW W. STROUD

9

10 |                                         By:  /s/ Andrew W. Stroud
11 |                                              Andrew W. Stroud
                                                  Attorneys for Defendant

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28