UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.), | |
| Plaintiff, | |
| v. | NO. 2:07-cv-02517 FCD GGH |
| | <u>MEMORANDUM AND ORDER</u> |
| CINGULAR WIRELESS LLC; BELLSOUTH; SBC COMMUNICATIONS; AMERICAN TELEPHONE & TELEGRAPH; and DOES 1 to 200, inclusive, | |
| Defendants. | |

----oo0oo----

This matter comes before the court on defendant AT&T Mobility, LLC's ("AT&T" or "defendant") motion for certification of interlocutory appeal from the court's December 7, 2009 order denying defendant's motion for summary judgment pursuant to 28 U.S.C. § 1292. Plaintiff General Charles E. "Chuck" Yeager

1

("Yeager" or "plaintiff") opposes the motion. For the reasons set forth herein,[1] defendant's motion is GRANTED.

The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 474 (1978); In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982), aff'd sub nom. Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983); see 28 U.S.C. § 1291. There is however, an exception to this general rule:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon . . . permit an appeal . . . . if application is made to it within ten days . . . .

28 U.S.C. § 1292(b). An interlocutory appeal should be granted "only in exceptional situations in which allowing [such an appeal] would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d at 1026 (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)). The party seeking certification of an interlocutory appeal has the burden to show the presence of those exceptional circumstances. Coopers & Lybrand, 437 U.S. at 474-75.

Section 1292 identifies three factors that must be present in order for the court to certify an appeal. First, the issue

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

2

to be certified must involve a controlling issue of law. An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d at 1026 (citing U.S. Rubber Co. v. Wright, 359 F.2d at 785). Second, there must be substantial ground for difference of opinion on that issue. A party's strong disagreement with the court's ruling is not sufficient for there to be a "substantial ground for difference"; the proponent of an appeal must make some greater showing. See First Am. Corp. v. Al-Nahyan, 948 F. Supp. 1107, 1116 (D.D.C. 1996) ("Mere disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal."). Third, an interlocutory appeal must be likely to materially speed the termination of the litigation. This factor is linked to whether an issue of law is "controlling" in that the court should consider the effect of a reversal by the court of appeals on the management of the case. See In re Cement Antitrust Litig., 673 F.2d at 1026.

This case arises out of the use of plaintiff's name in a publication issued by Cingular Wireless entitled "Cingular Wireless Announces Enhanced Emergency Preparedness Program for 2006 Hurricane Season" (the "Publication").[2] In denying defendant's motion for summary judgment, the court held that the First Amendment defense did not bar plaintiff's claims for

---

[2] The facts of this case are set forth in the court's Memorandum & Order, filed December 7, 2009.

3

statutory or common law misappropriation because the publication constituted commercial speech. Similarly, the court held that plaintiff had raised triable issues of fact regarding his claim under the Lanham Act,, 15 U.S.C. § 1125(a), based, in part, on the court's conclusion that plaintiff did not need to demonstrate malice with clear and convincing evidence because the publication was commercial speech. The remainder of plaintiff's claims were derivative of his claims for misappropriation and violation of the Lanham Act; therefore, defendant's motion for summary judgment failed for the same reasons.

The court concludes the certification for interlocutory appeal is appropriate under the circumstances presented in this litigation. Specifically, the court's conclusion regarding the commercial nature of the publication is a threshold matter in this case. First, resolution of the issue on appeal could materially affect the outcome of litigation because, if the Ninth Circuit concludes that the publication at is not commercial speech, the viability of all of plaintiff's claims is called into question. Second, there is substantial ground for a difference of opinion regarding whether the publication was commercial speech under both Supreme Court and Ninth Circuit precedent. While the court considered the publication in this case analogous to the publications at issue in <u>Bolger v. Youngs Drug Prods. Corp.</u>, 463 U.S. 60 (1983), and <u>Downing v. Abercrombie & Fitch</u>, 265 F.3d 994 (9th Cir. 2001), there is no precedential authority directly on point. Finally, because the determination of the nature of the speech is a controlling issue

with respect to defendant's liability, an immediate appeal will material advance the ultimate termination of the litigation.

Accordingly, defendant's motion for certification of appeal pursuant 28 U.S.C. § 1292(b) is GRANTED.

IT IS SO ORDERED.

DATED: March 12, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE