UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.), | NO. CIV. S-07-2517 FCD GGH |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| AT&T MOBILITY, LLC; and DOES 1 to 200, inclusive, | |
| Defendants. | |

----oo0oo----

This matter is before the court on plaintiff's counsel's motion to withdraw as attorney of record for plaintiff General Charles E. Yeager ("Yeager"). Defendant AT&T Mobility, LLC does not oppose the motion.

Pursuant to E.D. Local Rule 182(d):

> [A]n attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney of record is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.

1

Plaintiff's counsel has complied with the requirements of the local rules by noticing the instant motion, providing proof of service of the pending motion by mail to plaintiff, and providing the court with plaintiff's current address.

The Rules of Professional Conduct of the State Bar of California provide in pertinent part:

> A member may not request permission to withdraw in matters pending before a tribunal . . . , unless such request or such withdrawal is because the client . . . renders it unreasonably difficult for the member to carry out the employment effectively.

California Rules of Professional Conduct, Rule 3-700(C)(1)(d). The Rules of Professional Conduct also provide that an attorney may withdraw from representation if "[t]he client breaches an agreement or obligation to the member as to expenses or fees" or if "[t]he client knowingly and freely assents to termination of employment." California Rules of Professional Conduct, 3-700(C)(1)(f), 3-700(C)(5).

Plaintiff's counsel submitted a declaration, representing that plaintiff retained current counsel "for the sole and limited purpose of opposing an interlocutory appeal" filed by defendant and that neither plaintiff nor counsel expected that current counsel would serve as trial counsel in this matter. (Decl. of Charles J. Harder ("Harder Decl."), filed Sept. 15, 2010, ¶ 2.) After the Ninth Circuit resolved the interlocutory appeal issue, plaintiff's counsel was advised that plaintiff was actively seeking new counsel, but there is no indication that such counsel has been retained. (Id. ¶¶ 4-5.) Further, counsel asserts that plaintiff has not complied with the terms of his retainer agreement with respect to the payment of fees and costs, despite

2

repeated notifications regarding the state of his account.  (<u>Id.</u> ¶ 6.)

In light of these representations, plaintiff's counsel's motion to withdraw as attorney of record is GRANTED.  Counsel shall comply with the requirements of California Rules of Professional Conduct, Rule 3-700(D).  Plaintiff Yeager is substituted in propria persona.  Pursuant to Local Rule 72-302(c)(21), this case is hereby referred to the assigned Magistrate Judge, Gregory G. Hollows, for case management and recommendation(s) to the District Court Judge.  Parties are to contact Valerie Callen at 916-930-4199 with regard to further case management.

IT IS SO ORDERED.

DATED: October 18, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE