John N. Zarian (SBN 145080)
PARSONS BEHLE & LATIMER
960 Broadway Ave., Suite 250
Boise, Idaho 83706
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
E-Mail:  JZarian@parsonsbehle.com

Attorneys for Plaintiff
Gen. Charles E. "Chuck" Yeager (Ret.)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.),<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY, LLC, et al.,<br><br>Defendants. | Case No.: 2:07-cv-02517-KJM-GGH<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO.2 TO EXCLUDE EVIDENCE RE: ALLEGED PROFITEERING FROM GOVERNMENT SERVICE** |

**MOTION**

PLEASE TAKE NOTICE THAT, on April 2, 2012, at 1.30 p.m. or as soon thereafter as the matter may be heard, plaintiff Charles E. "Chuck" Yeager ("Plaintiff"), through his undersigned counsel of record, will and hereby does move to present its Motion *in Limine* No. 2 to Exclude Evidence Re: Alleged Profiteering from Government Service  ("Motion No. 2").  Plaintiff brings this Motion pursuant to FED. R. EVID. 402 and 403.

This Motion is based upon the instant notice of motion and motion, the points and authorities set forth below, the pleadings and records on file in this matter, all matters which the court may take judicial notice, such arguments as may be presented by counsel at any hearing, and upon such other evidence as may be presented to or considered by the court prior to any ruling.

///

1
PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE
RE ALLEGED PROFITEERING FROM GOVERNMENT SERVICE
CASE NO.: 2:07-cv-02517-KJM-GGH

4846-3137-7166.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Introduction

To be sure, some of Plaintiff's accomplishments giving rise to his subsequent fame, celebrity and unique identity were achieved while he was serving in the United States Air Force ("Air Force"). However, Plaintiff's employment with the Air Force at the time he accomplished some of his celebrated feats does not mean that Plaintiff somehow forfeited any protection for rights in his name or likeness, or that he is somehow seeking to unduly "profit" from his public employment. Therefore, Plaintiff seeks an order excluding any evidence or argument by defendant AT&T Mobility, LLC ("AT&T") that, by instituting and pursuing this lawsuit, Plaintiff seeks to "profit" from his service as a public employee.

### 2. Argument

Under FED. R. EVID. 402, irrelevant evidence is not admissible. Furthermore, under FED. R. EVID. 403, evidence may be excluded if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

In this case, the Court should exclude any evidence or argument that Plaintiff is seeking to "profit" from his service in the U.S. Air Force, or evidence or argument to that effect.

The foregoing evidence is not relevant. Furthermore, such arguments are likely to create the prejudicial and false impression that Plaintiff forfeited protectable rights in his name and likeness by virtue of accomplishing some of his celebrated feats while he was a public employee or that, in filing this suit, he is attempting to profit improperly by seeking to vindicate rights he previously forfeited.

Under the circumstances, an order precluding AT&T from arguing that Plaintiff seeks to "profit" from his public service is warranted in light of the prejudice and confusion that is bound to result absent such an order. "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a <u>modest</u> likelihood of unfair prejudice or a <u>small</u> risk of misleading the jury." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (emphasis added) (citation omitted). Or, put another way: "[E]vidence presenting even a 'modest likelihood of unfair prejudice' is 'high enough to outweigh the . . . probative value' of marginally relevant evidence." *United States v. Espinoza-Baza*, 647 F.3d 1182, 1190 (9th Cir. 2011) (citation omitted).

2
PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE
RE ALLEGED PROFITEERING FROM GOVERNMENT SERVICE
CASE NO.: 2:07-CV-02517-KJM-GGH

4846-3137-7166.1

## **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion *in limine*.

DATED this 5th day of March, 2012

                PARSONS BEHLE & LATIMER


                By */s/ John N. Zarian*
                   John N. Zarian
                   Attorney for Plaintiff
                   Gen. Charles E. "Chuck" Yeager (Ret.)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 5th day of March, 2012, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

I FURTHER CERTIFY that I caused a true and correct copy of the foregoing to be served by hand delivery, this 5th day of March, 2012, to:

Andrew Stroud
Stephen Lau
Mennemeier, Glassman & Stroud
980 9th Street, Suite 1700
Sacramento, CA  95814-2736

*/s/ John N. Zarian*
John N. Zarian