John N. Zarian (SBN 145080)
PARSONS BEHLE & LATIMER
960 Broadway Ave., Suite 250
Boise, Idaho 83706
Telephone: (208) 562-4900
Facsimile: (208) 562-4901
E-Mail: JZarian@parsonsbehle.com

Attorneys for Plaintiff
Gen. Charles E. "Chuck" Yeager (Ret.)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.),<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY, LLC, et al.,<br><br>Defendants. | Case No.: 2:07-cv-02517-KJM-GGH<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE RE: OTHER CIVIL ACTIONS INVOLVING PLAINTIFF** |

**MOTION**

PLEASE TAKE NOTICE THAT, on April 2, 2012, at 1:30 p.m. or as soon thereafter as the matter may be heard, plaintiff Charles E. "Chuck" Yeager ("Plaintiff"), through his undersigned counsel of record, will and hereby does move to present its Motion *in Limine* No. 3 to Exclude Evidence Re: Other Civil Actions Involving Plaintiff ("Motion No. 3"). Plaintiff brings this Motion pursuant to FED. R. EVID. 402 and 403.

This Motion is based upon the instant notice of motion and motion, the points and authorities set forth below, the pleadings and records on file in this matter, all matters of which the court may take judicial notice, such matters as may be presented by counsel at any hearing, and upon such other evidence as may be presented to or considered by the court prior to any ruling.

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. Introduction

In order to create a question in the jury's mind concerning the merits of Plaintiff's claims in this action, or otherwise to prejudice Plaintiff, defendant AT&T Mobility, LLC ("AT&T") may attempt to present evidence or argument concerning unrelated litigation to which Plaintiff is (or was) a party. For example, Plaintiff believes that AT&T may, once again, make the inflammatory assertion that the existence of other lawsuits is an indication that Plaintiff instituted this lawsuit for purposes other than vindicating his legal rights. [*See* Dkt. No. 99, Defendant's Memorandum of Points and Authorities in Support of AT&T, Mobility, LLC's Motion for Reconsideration, at 5.] As argued herein, none of these other lawsuits cases have any bearing on AT&T's liability for the injuries claimed in this lawsuit.

## 2. Argument

Evidence related to other lawsuits involving Plaintiff should be excluded pursuant to FED. R. EVID. 402, because such evidence is not relevant to this lawsuit and is thus inadmissible. None of the other lawsuits involving Plaintiff as a party (including those involving claims against certain attorneys) pertain to the claims asserted by Plaintiff against AT&T or to AT&T defenses to those claims in this action. As a result, those lawsuits are immaterial and unnecessary to the disposition of this action.

Furthermore, under FED. R. EVID. 403, the probative value (if any) of other lawsuits involving Plaintiff "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," because the mention of these other lawsuits could create a prejudicial and unwarranted impression regarding the viability of Plaintiff's claims in this action.

A motion *in limine* is the proper procedure for excluding prejudicial references to these other lawsuits that may have an adverse effect on the outcome of the case. "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a <u>modest</u> likelihood of unfair prejudice or a <u>small</u> risk of misleading the jury." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (emphasis added) (citation omitted).

Therefore, the Court should exercise its broad discretion and exclude any evidence or argument concerning other lawsuits involving Plaintiff.

2
PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE
RE: OTHER CIVIL ACTIONS INVOLVING PLAINTIFF
CASE NO.: 2:07-CV-02517-KJM-GGH

4838-5988-7374.1

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion *in limine*.

DATED this 5th day of March, 2012

                PARSONS BEHLE & LATIMER


                By */s/ John N. Zarian*
                   John N. Zarian
                   Attorney for Plaintiff
                   Gen. Charles E. "Chuck" Yeager (Ret.)

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of March, 2012, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

I FURTHER CERTIFY that I caused a true and correct copy of the foregoing to be served by hand delivery, this 5th day of March, 2012, to:

> Andrew Stroud
> Stephen Lau
> Mennemeier, Glassman & Stroud
> 980 9th Street, Suite 1700
> Sacramento, CA  95814-2736

*/s/ John N. Zarian*
John N. Zarian

4
PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE
RE: OTHER CIVIL ACTIONS INVOLVING PLAINTIFF
CASE NO.: 2:07-CV-02517-KJM-GGH

4838-5988-7374.1