KOHUT & KOHUT LLP
RONALD J. KOHUT (SBN 66463)
3554 Round Barn Blvd., Suite 204
Costa Mesa, CA 95403
Telephone: 707-573-3100
Facsimile: 707-573-3101
Email: ronald@kohutlaw.com

MENNEMEIER, GLASSMAN & STROUD LLP
ANDREW W. STROUD (SBN 126475)
STEPHEN LAU (SBN 221051)
980 9th Street, Suite 1700
Sacramento, CA 95814
Telephone: 916-553-4000
Facsimile:  916-553-4011
E-mail: stroud@mgslaw.com

Attorneys for Defendant AT&T Mobility, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.), | Case No. 2:07-cv-02517 (KJM-GGH) |
| Plaintiff, | **DEFENDANT AT&T MOBILITY, LLC'S OBJECTION TO AND REQUEST TO STRIKE PLAINTIFF'S UNTIMELY MOTIONS IN LIMINE; DECLARATION OF ANDREW W. STROUD IN SUPPORT THEREOF** |
| v. | |
| AT&T MOBILITY, LLC; and DOES 1 through 200, inclusive, | |
| Defendants. | Trial Date:  June 4, 2012<br>Courtroom:  3<br>Judge:  Hon. Kimberly J. Mueller |

Defendant AT&T Mobility, LLC ("AT&T") hereby objects to Plaintiff's motions in limine and requests an Order of the Court striking them as untimely. Specifically, Plaintiff's motions in limine should be stricken because they were filed and served three days *after* the Court-ordered filing and service deadline had passed.

/ / /

/ / /

1

DEFENDANT AT&T MOBILITY, LLC'S OBJECTION TO AND REQUEST TO STRIKE PLAINTIFF'S
UNTIMELY MOTIONS IN LIMINE

I.

ARGUMENT

A. **Plaintiff's Motions in Limine Are Untimely**

In its Pretrial Order of December 22, 2011 (Docket No. 117), this Court ordered that it "shall hear motions in limine, if any, no later than April 2, 2012 at 1:30 pm." The Court further ordered that "[f]iling deadlines for motions in limine will be governed by Local Rule 230."

Local Rule 230 says that motions are "to be heard not less than twenty-eight (28) days after service and filing of the motion." Of course, Local Rule 230 must be read in conjunction with other Local Rules and with the Federal Rules of Civil Procedure. Local Rule 133(c) provides that, "[w]henever, in these Rules, reference is made to filing or service of a document, the reference shall include filing and serving documents electronically in conformity with these Rules." Under Federal Rule of Civil Procedure 6(d), when motion papers are filed and served electronically, they must be filed and served three days earlier than the rules otherwise provide. Thus, under Local Rule 230 and Rule 6(d), any electronic filing and service of motion papers must be done 31 days prior to the hearing date. This interpretation of Local Rule 230 is no secret. The California Practice Guide explains Local Rule 230 in no uncertain terms: "ED CA Rule 230(b) – hearing date not less than 28 days after personal service and filing of motion or <u>not less than 31 days after mailed or electronic service and filing of motion</u>." 3 William W. Schwarzer et al., *California Practice Guide: Federal Civil Procedure Before Trial* (2011 ed.) ¶ 12:88, at 12-41 (underlining added).

Nor would it matter if Plaintiff tried to personally serve his motion papers today. The Eastern District of California is a mandatory electronic case management/filing district (Local Rule 133(a)), and all attorneys who have registered for electronic filing have waived the right to make service by other means (Local Rule 135(g)(1)). Thus, an attorney cannot obtain an advantage for himself by personally serving his papers after the attorney on the other side submits his documents electronically three days earlier.

Here, the Court has set the hearing on all motions in limine for April 2, 2012. Thirty-one days before April 2, 2012 is Friday, March 2, 2012. Therefore, Plaintiff's moving papers were due on March 2 – a deadline that he has failed to meet.

### B. Plaintiff's Untimeliness Was Not Due to Excusable Neglect.

The filing deadline having already passed, if Plaintiff wishes to file motions in limine, he must move for an order extending time by showing "excusable neglect." Fed. R. Civ. Proc. 6(b)(1)(B); Schwarzer, ¶ 12:88.2 at 12-41 ("A party who has missed a filing deadline must obtain an order permitting late filing. A showing of 'excusable neglect' is required."). "Excusable neglect" may be found only in "extraordinary cases where injustice would otherwise result." *Stronach v. Virginia State*, 577 F. Supp. 2d 788, 789 (E.D. VA 2008).

Plaintiff cannot make such a showing here. On the afternoon of Friday, March 2, 2012 – after AT&T had already started electronic service and filing of its motions in limine – Plaintiff's counsel alerted AT&T's counsel that he intended to file his client's motions on Monday, March 5. Declaration of Andrew W. Stroud in Support of Motion to Strike at ¶ 2. Shortly after that call, AT&T's counsel alerted Plaintiff <u>in writing</u> that March 2 was the last day to serve and file any motions in limine, and that any submission on Monday, March 5 would be untimely. *Id*. at ¶ 3. Plaintiff's counsel never responded to that writing nor denied that filing his motions in limine on March 5 would be untimely.

Thus, Plaintiff had notice on March 2 that he would either have to file his motions in limine that day, or move for an order extending time. Plaintiff did neither.

## II.
## CONCLUSION

For the foregoing reasons, AT&T respectfully requests that the Court strike Plaintiff's motions in limine as untimely.

Dated: March 5, 2012                     KOHUT & KOHUT LLP
                                         MENNEMEIER, GLASSMAN & STROUD LLP


                                         By:   /s/ Andrew W. Stroud
                                               Andrew W. Stroud
                                               Attorneys for Defendant AT&T Mobility, LLC

**DECLARATION OF ANDREW W. STROUD IN SUPPORT OF REQUEST TO STRIKE**

I, Andrew W. Stroud, declare as follows:

1. I am an attorney licensed to practice law in the State of California and a partner in the law firm of Mennemeier, Glassman & Stroud LLP. I am one of the attorneys representing Defendant AT&T Mobility, LLC. I have personal knowledge of the matters stated herein.

2. On the afternoon of Friday, March 2, 2012 – after AT&T had already started electronic service and filing of its motions in limine – Plaintiff's counsel alerted AT&T's counsel that he intended to file his client's motions on Monday, March 5.

3. Shortly after that call, AT&T's counsel alerted Plaintiff in writing that March 2 was the last day to serve and file any motions in limine, and that any submission on Monday, March 5 would be untimely. A true and correct copy of that e-mail correspondence is attached hereto as Exhibit A.

4. Plaintiff's counsel never responded to that writing nor denied that filing his motions in limine on March 5 would be untimely.

Executed in Sacramento, California, on March 5, 2012. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

   /s/ Andrew W. Stroud
   Andrew W. Stroud