IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GENERAL CHARLES E. "CHUCK" YEAGER,

    Plaintiff,

vs.

AT&T MOBILITY, LLC, *et al.*,

    Defendants.

No. CIV S 07- 2517 KJM GGH

ORDER

    On March 5, 2012, defendant AT&T Mobility, LLC moved to strike plaintiff's motions in limine as untimely. (ECF 136.) Local Rule 230 provides that motions must be "set for hearing on the motion of the calender of the Judge or Magistrate Judge to whom the action has been assigned or before whom the motion is to be heard not less than twenty-eight days after service and filing of the motion." E.D. CAL. LOCAL RULE 230(b). Defendant also suggests Federal Rule of Civil Procedure ("Rule") 6(d) is applicable here. Rule 6(d) provides that where service is achieved electronically, "when a party may or must act within a specified time after service [], 3 days are added after the period would otherwise expire under Rule 6(a)." *See* FED. R. CIV. P. 6(d). Here, service was completed electronically. Reading Local Rule 230 and Rule 6(d) in conjunction, defendant reasons "when motion papers are filed and served electronically, they must be filed and served three days earlier than the rules otherwise provide." (ECF 136 at

1

1  2.) This reading is incorrect. Plaintiff has complied with the local rule by filing and serving its
2  motions twenty-eight days prior to the hearing. *See* FED. R. CIV. P. 5(b)(2)(E) & (d)(3). The
3  filing and service dates are calculated by reference to the operative hearing date, not the date a
4  document is served. *See generally* E.D. CAL. LOCAL RULE 230.  As such, Rule 6(d) is
5  inapplicable.
6         Notwithstanding the foregoing, plaintiff's request for costs and fees associated
7  with the motion is denied.  In the future, however, failures to fully meet and confer and to
8  exhaust efforts to resolve differences of the sort addressed by this order are not likely to met with
9  such equanimity.
10         IT IS SO ORDERED.
11 DATED:  March 23, 2012.

_____
UNITED STATES DISTRICT JUDGE

2