# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.),<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY, LLC, et al.,<br><br>Defendants. | Case No.: 2:07-cv-02517-KJM-GGH<br><br><br>**FINAL JURY INSTRUCTIONS** |

Dated:  June 7, 2012.

_____
UNITED STATES DISTRICT JUDGE

1

Final Instruction 1:

Members of the Jury: Now that you have heard all of the evidence and the arguments of the parties, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. You, and you alone, are the judges of the facts. You must decide what the facts are and then apply those facts to the law which I will give to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Final Instruction  2:

      You are the sole judges of the evidence in this case and it is up to you to evaluate the witnesses and other evidence.  You are to perform this duty without bias, sympathy, prejudice, or what you think public opinion might be.  You must impartially consider all the evidence in the case, following the law as stated in these instructions.

<u>Final Instruction  3:</u>

You should not necessarily decide any issue of fact in favor of the side that brought more witnesses or evidence at trial.

The test is which evidence convinces you because it is most believable.

In deciding contested issues, you should keep in mind who has the burden of proof on that issue.

Final Instruction 4:

The evidence in this case consists of the sworn testimony of the witnesses and all exhibits received into evidence. In reaching your verdict, you may consider only the testimony and exhibits received into evidence.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by the attorneys are not evidence.  The attorneys are not witnesses.  What the attorneys have said in their opening statements, or in their closing arguments and at other times, is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way they have stated them, your memory of them controls.

(2)  Questions and objections by the attorneys are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

5

Final Instruction 5:

       There are two kinds of evidence, direct and circumstantial.  A witness testifying to having actual knowledge of a fact and documents received in evidence constitute direct evidence.  Circumstantial evidence is a chain of evidence from which you could find that another fact exists, even though no one directly testified as to that fact.

       How much you believe evidence should not depend on whether it is direct or circumstantial, but on whether the evidence is trustworthy and reliable.  For that reason, you may find a fact has been proven by circumstantial evidence if that conclusion seems reasonable to you.

Final Instruction 6:

In deciding what the facts are, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account any number of factors, which may include the following:

1. Was the witness able to see, hear or know the things about which the witness testified?

2. How good is the witness's memory and is the witness able to testify clearly?

3. Was the witness's manner while testifying straightforward and convincing, or evasive and unconvincing?

4. Did the witness have an interest in the outcome of the case or any bias or prejudice concerning anyone or anything that mattered in the case, and if so, did that interest or bias affect the testimony?

5. How reasonable was the witness's testimony when you consider it in light of all the other evidence in the case?

6. Was the witness's testimony contradicted by what that witness said or did at another time, or by the testimony of other believable witnesses or evidence?

7. Are there any other factors that bear on believability?

In deciding whether or not to believe a witness, remember that people sometimes forget things or sometimes get confused.

Also remember that the weight of evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Final Instruction 7:

      Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

      Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

<u>Final Instruction 8:</u>

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Final Instruction 9:

      From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

      Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant a party's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Final Instruction 10:

The party having the burden of proof on an issue must prove it by a "preponderance of the evidence."

Proof by a preponderance of the evidence means the evidence is more convincing and more probably true than not.  If the evidence as to any issue is evenly balanced, your finding upon that issue must be against the party who had the burden of proving it.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all the evidence having to do with that issue regardless of who produced it.

<u>Final Instruction  11:</u>

       This action is brought by Gen. Charles "Chuck" Yeager against AT&T Mobility, LLC based on actions by Cingular Wireless. AT&T Mobility, LLC is the entity responsible for publication of the press release. These instructions will refer to "defendant" to mean AT&T Mobility, LLC who is responsible for the actions of Cingular Wireless. All parties, including individuals and corporations, are equal before the law and Gen. Yeager and AT&T are each entitled to the same fair and conscientious consideration by you as any party.

Final Instruction 12:

Gen. Yeager alleges that the press release issued by Cingular Wireless on May 17, 2006, violated his right to publicity when it used his name without his permission. There are two separate bases for this right and Gen. Yeager asserts a claim on each basis. Plaintiff has the burden to prove his claims by a preponderance of the evidence.

AT&T, on behalf of Cingular, claims that the use of Gen. Yeager's name was lawful.

I will explain to you the elements which the plaintiff has to prove as to each of his claims and the elements which the defendant has to prove as to each of its defenses.

<u>Final Instruction 13:</u>

A person's right to publicity can be violated in more than one way.  Here, plaintiff claims that defendant violated his right to publicity based on two independent theories:

(1)     Common law right of publicity under California law; and

(2)     Statutory right of publicity under California Civil Code § 3344.

Final Instruction 14:

      Plaintiff claims that defendant violated his common law right of publicity.  To establish this claim, plaintiff must prove the following:

    (1)      That defendant used his name  without his permission;

    (2)      That defendant gained a commercial benefit or some other advantage by using plaintiff's name;

    (3)      That plaintiff was harmed; and

    (4)      That defendant's conduct was a substantial factor in causing his harm.

      Plaintiff must prove each element by a preponderance of the evidence.

Final Instruction 15:

       Defendant claims that it did not violate plaintiff's common law right of publicity because its mention of the plaintiff's name in the press release was made in connection with a news, public affairs, or sports broadcast or account, or with a political campaign.  Defendant has the burden of proving this claim by a preponderance of the evidence. If you decide that plaintiff's name was used in this manner, then plaintiff's permission was not required prior to defendant's usage for the purpose of considering element (1) in Final Instruction 14.

Final Instruction 16:

If you decide that plaintiff has proved his common law right of publicity claim against defendant, you also must decide how much money will reasonably compensate him for the harm. This compensation is called "damages."

Plaintiff must prove the amount of his damages. However, plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The specific item of damages claimed in this case by plaintiff is the commercial value of his name.

Final Instruction 17:

Plaintiff claims that defendant violated his statutory right to publicity under Civil Code § 3344.  To establish this claim, plaintiff must prove all of the following:

(1)     That defendant knowingly used plaintiff's name to advertise its products or services;

(2)     That the use did not occur in connection with a news, public affairs, or sports broadcast or account, or with a political campaign;

(3)     That defendant did not have plaintiff's consent;

(4)     That defendant's use of plaintiff's name was directly connected to defendant's commercial purpose;

(5)     That plaintiff was harmed; and

(6)     That defendant's conduct was a substantial factor in causing his harm.

Plaintiff must prove each element by a preponderance of the evidence.

Final Instruction 18:

      Defendant claims that Gen. Yeager does not personally own the right of publicity associated with his name and therefore defendant's usage of plaintiff's name did not violate plaintiff's statutory right to publicity. Defendant has the burden of proving its claim that plaintiff does not possess the rights to his name. If you find that plaintiff does not own the rights in his name, then his consent was not required prior to defendant's usage for the purpose of considering element (3) in Final Instruction 17.

Final Instruction 19:

If you decide that plaintiff has proved his statutory right to publicity claim against defendant under Civil Code § 3344, you also must decide how much money will reasonably compensate him for the harm. This compensation is called "damages."

Plaintiff must prove the amount of his damages. However, plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The specific item of damages claimed by plaintiff in this case is the commercial value of his name.

If plaintiff has not proved the above damages, or has proved an amount of damages less than $750, then you must award him $750.

Final Instruction 20:

Plaintiff seeks damages from defendant under more than one legal theory.  However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether defendant is liable to plaintiff under the following legal theories:

      1.      Violation of common law right of publicity; and
      2.      Violation of statutory right of publicity.

Even though plaintiff is asserting two separate claims, the damages associated with the commercial value of plaintiff's name (i.e., the fair market value of a license to use his name as of 2006) are recoverable only once.

.

Final Instruction  21:

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

<u>Final Instruction 22:</u>

       If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

<u>Final Instruction 23:</u>

      A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.