1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GENERAL CHARLES E. "CHUCK"
     YEAGER,
11
                  Plaintiff,                    No. CIV S 07- 2517 KJM GGH
12
           vs.                                  ORDER
13
     AT&T MOBILITY, LLC, *et al.*,
14
                  Defendants.
15   _____/

16              This case proceeded to a jury trial on June 4, 2012, on two claims: the claim of

17   plaintiff General Charles Yeager that defendant AT&T Mobility, LLC ("defendant") violated his

18   common law right to publicity, and plaintiff's related right to publicity under California Civil

19   Code Section 3344 ("Section 3344"). (ECF 28.)  The jury returned a verdict in favor of plaintiff

20   on the California statutory claim and in favor of defendant on the common law claim.  (ECF

21   222.)  Plaintiff now moves for attorneys' fees. (ECF 243.)  Defendant opposes the motion.

22   (ECF 250.)  Plaintiff has also submitted his bill of costs. (ECF 234.)  Defendant has submitted

23   objections to the bill of costs. (ECF 241.)  For the reasons set forth below, plaintiff's motion for

24   attorneys' fees is granted in part and denied in part; plaintiff's bill of costs is approved in part

25   and disapproved in part.

26   /////

                                                   1

I.    BACKGROUND

          In the wake of Hurricanes Katrina, Rita and Wilma, large portions of the

southeastern United States were affected by cell phone outages. This was a source of frustration

to cell phone users who were anxiously attempting to locate relatives and loved ones. In response

to coverage failures during the 2005 hurricane season, defendant updated its emergency

preparedness plans. One new addition was a mobile unit that transmits a cell signal and is

capable of housing repair-persons. Defendant named this unit a mobile access command

headquarters, otherwise known as "M.A.C.H." In announcing its preparation for the upcoming

hurricane season through a press release on PRNewswire.com, defendant used the name of

plaintiff Charles Yeager because his singular achievement of breaking the sound barrier and

achieving "Mach 1" dovetailed with the acronym used to describe the mobile units. In its fifth

paragraph, the press release stated:

> Nearly 60 years ago, the legendary test pilot Chuck Yeager broke
> the sound barrier and achieved Mach 1. Today, Cingular is
> breaking another kind of barrier with our MACH 1 and MACH 2
> mobile command centers, which will enable us to respond rapidly
> to hurricanes and minimize their impact on our customers.

Plaintiff's claims challenged the use of his name in the press release.  This court has jurisdiction

over his claims based on diversity.

II.   ANALYSIS

          1.    Attorney's Fees

          Plaintiff seeks $339,307.75 in attorney's fees and $15,437.72 in costs and

expenses under Section 3344.  (Pl.'s Mot. for Att'y Fees ("Pl.'s Mot."), ECF 243-1 at 2:22-23.)

Defendant does not contest that plaintiff was the prevailing party or his entitlement to attorney's

fees.  (*See generally* Def.'s Opp'n to Pl.'s Mot. ("Def.'s Opp'n"), ECF 250.)  Defendant instead

argues that the court should disallow certain fees plaintiff seeks and reduce other fees to ensure

that the fee award is reasonable.  (*Id.*)

/////

1    "The rule in this circuit requires that federal courts in diversity actions apply state
2    law with regard to the allowance (or disallowance) of attorneys' fees." *Diamond v. John Martin*
3    *Co.*, 753 F.2d 1465 (9th Cir. 1985); *see also Bonner v. Fuji Photo Film*, 2008 WL 410260 at *2
4    (N.D. Cal. Feb. 12, 2008) ("In a diversity case, as here, the availability of attorney's fees is
5    governed by state law."). Section 3344 provides that "[t]he prevailing party in any action under
6    this section shall . . . be entitled to attorney's fees and costs." CAL. CIV. CODE § 3344(a).

7    State law also controls the method of calculating fees. *See Mangold v. California*
8    *Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir.1995). California courts calculate an award of
9    attorneys' fees by using the lodestar method. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001).
10   "The lodestar figure is calculated using the reasonable rate for comparable legal services in the
11   local community for noncontingent litigation of the same type, multiplied by the reasonable
12   number of hours spent on the case." *Nichols v. City of Taft*, 155 Cal. App. 4th 1233, 1242-43
13   (2007).

14   The lodestar figure may  be adjusted based on consideration of factors specific to
15   the case. *See Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977). Factors to consider in enhancing or
16   reducing the lodestar include: (1) the novelty and difficulty of the questions involved; (2) the
17   skill displayed in presenting them; (3) the extent to which the nature of the litigation precluded
18   other employment by the attorneys; and (4) the contingent nature of the fee award. *See Nichols*
19   *v. City of Taft*, 155 Cal. App. 4th 1233, 1240 (2007).

20       a.    Fees Incurred by Previous Counsel

21   Defendant maintains the court should disallow the $46,000 flat fee purportedly
22   incurred by plaintiff with the Law Offices of Joseph Scalia because the alleged fee "is not
23   substantiated by an invoice evidencing the tasks performed by Mr. Scalia or his billing rate."
24   ("Def.'s Opp'n at 3:24-26.) Thus, defendant argues, "there is no way for the court to determine
25   /////
26   /////

3

1    whether Mr. Scalia's work pertains to this case, or, more importantly, whether his services are

2    related to the only claim on which Yeager prevailed."  (*Id.* at 4:1-3.)[1]

3          Defendant also argues plaintiff cannot recover the $132,150.72 repeatedly

4    incurred with prior counsel because plaintiff has failed to present "competent evidence as to the

5    nature and value of the services performed."  (*Id.* at 4:19-20.)  Specifically, defendant argues

6    plaintiff has failed to proffer declarations of prior counsel documenting the services rendered and

7    substantiating the fees charged; instead, plaintiff merely proffers a declaration from plaintiff's

8    current counsel attempting to verify prior counsels' invoices.  (*Id.* at 5:10-12.)  Defendant

9    maintains plaintiff's current counsel does not have sufficient personal knowledge to authenticate

10   those invoices, and thus, plaintiff has failed to proffer competent evidence that those services

11   were rendered and those fees incurred.  (*Id.* at 5:13.)

12         Plaintiff maintains he has "submitted competent and sufficient evidence in

13   support of his motion."  (Pl.'s Reply to Opp'n ("Reply), ECF 256 at 2:16.)  Specifically, plaintiff

14   argues he "has met his burden of documenting the appropriate hours expended in this litigation"

15   by "provid[ing][ the court with *detailed* invoices and statements from prior counsel setting forth

16   the services rendered and setting forth the fees incurred."  (*Id.* at 2:25-26; emphasis in original.)

17   Plaintiff therefore maintains he "has met his burden of documenting the appropriate hours

18   expended in this litigation . . . ."  (*Id.* at 2:25-28.)

19   /////

20

21          [1] Defendant filed objections to those portions of the declaration of plaintiff's trial
     counsel, Mr. Zarian, attempting to establish the fees incurred by previous counsel, based upon
22   lack of foundation and personal knowledge.  *(See* Def.'s Evidentiary Objections, ECF 256.)
     Plaintiff did not respond to these objections.  As set forth below, the court finds Mr. Zarian does
23   not have sufficient personal knowledge to testify as to the contents of, or to authenticate, the
     invoices documenting the fees incurred by previous counsel.  Defendant's objections are
24   sustained.

25          Defendant also objected to the declaration of plaintiff's wife, Victoria Yeager, which
     discusses relationships with prior counsel.  Because the court finds that plaintiff is not entitled to
26   fees incurred with previous counsel, the court need not reach these objections.

1    "The Federal Rules of Evidence govern the admissibility of evidence in diversity

2    cases, . . ." *St. George v. Home Depot. U.S.A., Inc.*,2007 WL 604925, at *9 (D. Ariz. Feb. 22,

3    2007) (citing *Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir.1995), in turn quoting *Erie R.R. Co.*

4    *v. Tompkins*, 304 U.S. 64, 78 (1938)).  An affiant must have personal knowledge of the matters

5    regarding which he or she testifies.  *U.S. for Use and Ben. of Conveyor Rental & Sales Co. v.*

6    *Aetna Cas. & Sur. Co.*, 981 F.2d 448, 454 (1992) (holding affidavit inadmissible as evidence on

7    summary judgment motion absent requisite personal knowledge of affiant).  Federal Rule of

8    Evidence 901 provides that a person with personal knowledge can satisfy the authentication

9    requirement.

10   That plaintiff submitted "detailed invoices . . . setting forth the services rendered"

11   by previous counsel is insufficient to meet his evidentiary burden.   Nothing in the Federal Rules

12   of Evidence provides that invoices are self-authenticating.  *See In re Fine Paper Antitrust Litig.*,

13   751 F.2d 562, 584 (3d Cir.1984) (holding that the Federal Rules of Evidence apply to attorneys'

14   fee disputes); *In re High Sulfur Content Gasoline Products Liability Litigation*, 517 F.3d 220,

15   231 (5th Cir. 2008) (same).

16   Mr. Zarian's declaration states that he "ha[s] personal knowledge or ha[s] been

17   fully advised of the costs, expenses and attorney's fees reasonably and necessarily incurred in

18   the representation of Gen. Yeager in this matter . . . ." (Decl. Of John N. Zarian ("Zarian

19   Decl."), ECF 243-3, ¶ 2.)  While Mr. Zarian has sufficient knowledge to authenticate his own

20   invoices, he only entered this case after other counsel had withdrawn and does not have personal

21   knowledge of the services rendered by previous counsel to authenticate the invoices

22   documenting those alleged services.  *(See id., ¶* 4.)  *Cf.* FED. R. EVID. 901(b)(1) (listing

23   testimony of a witness with personal knowledge as an example of evidence sufficient to

24   authenticate a document); *Holmes v. Home Depot USA, Inc.*, 2008 WL 4966098, at *8 (E.D. Cal.

25   /////

26   /////

1  Nov. 20, 2008) (holding that, in the context of a motion for summary judgment, "the affiant

2  [promoting a document] must have personal knowledge to authenticate the document").[2]

3          Because Mr. Zarian cannot know with certainty that the services reflected by the

4  invoices attached to his declaration were actually performed, plaintiff has failed to meet his

5  burden of proffering admissible evidence reflecting the fees allegedly incurred.  *Cf. Martine v.*

6  *Devevi*, 182 Cal. App. 3d 553, 560 (1986) (holding that a party must present sufficient evidence

7  "to support the award of attorney of . . . attorney fees.")  The court declines to award plaintiff the

8  $178,150.72 he allegedly incurred with prior attorneys Scalia, Wild Carter & Timpton, de la

9  Peña McDonald, Holt Law Firm, Wolf Rifkin, et al., Lesser Law Group, Law Offices of Joanna

10  R. Mendoza, Foster Swift, et al., Law Offices of Patrick A. McCall and Faber & Foote.  (*See*

11  Zarian Decl. ¶ 4.)

12          b.      Fees Incurred by Current Counsel

13          Plaintiff maintains he is entitled to $160,757 in attorneys' fees incurred with

14  plaintiff's current counsel, Zarian, Midgley & Johnson.  (*See* Pl.'s Mot. at 8:17-15:23.)

15  Defendant concedes that plaintiff is entitled to fees incurred with his current law firm; however,

16  defendant asserts the court should, in its discretion, adjust the lodestar amount downward

17  because the total fee requested is unreasonable.  (Def.'s Opp'n at 9:16-17.)  Specifically,

18  defendant argues the fee should be reduced because plaintiff's "lawyers spent the bulk of their

19  time and effort pursuing claims and legal theories that failed."  (*Id.* at 10:3-4.)  Defendant also

20  contends plaintiff's allegedly unreasonable settlement posture also merits a reduction.  (*Id.* at

21  14:15-17.)  Defendant does not, however, argue that the hourly rates charged by counsel are

22  unreasonable.  Nor does defendant argue that the hours expended are unreasonable.

23

24          [2] The parties dedicate a significant portion of their respective briefings to arguing
     whether, under California law, plaintiff has submitted "competent' evidence to support his
25  request for fees from previous counsel.  Because the court finds that plaintiff's evidence
     consisting of purported invoices reflecting legal services provided by plaintiffs' previous counsel
26  is inadmissible, this issue is rendered moot.

1       Plaintiff, in reply, argues the fee requested from current counsel is reasonable.

2   Specifically, plaintiff maintains "[t]here is simply no way for the [c]ourt, when faced with such

3   factually interconnected claims to apportion relevant time and fees to the various claims

4   individually." (Pl.'s Reply at 6:22-26.) Plaintiff also contends it was not his settlement posture

5   that impeded settlement of the matter, but rather defendant's failure to send a representative to

6   settlement conference that precluded settlement. (*Id.* at 7:4-8.)

7       The court finds that a downward adjustment in the lodestar amount for plaintiff's

8   current counsel is not warranted. The "lodestar amount is presumptively reasonable." *Guess?,*

9   *Inc. v. Tres Hermanos, Inc.*, 1998 WL 1770071, at *1 (C.D. Cal. June 1, 1998) (citing

10  *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986)).

11  The court finds the presumption of reasonableness is not undercut by plaintiff's only prevailing

12  on one claim. Where a plaintiff's action "involve[s] a common core of facts . . . based on related

13  legal theories," plaintiff's suit "cannot be viewed as a series of discrete claims" and "the district

14  court should focus on the significance of the overall relief obtained by the plaintiff in relation to

15  the hours reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). "In these

16  circumstances the fee award should not be reduced simply because the plaintiff failed to prevail

17  on every contention raised in the lawsuit." *Id.* (citing *Davis v. County of Los Angeles*, 8 E.P.D.

18  P 9444 (C.D. Cal. 1974)). Under California law,

19          the joinder of causes of action should not dilute the right to
            attorney fees. Such fees need not be apportioned when incurred for
20          representation of an issue common to both a cause of action for
            which fees are permitted and one for which they are not. All
21          expenses incurred on the common issues qualify for an award.
            When the liability issues are so interrelated that it would have been
22          impossible to separate them into claims for which attorney fees are
            properly awarded and claims for which they are not, then
23          allocation is not required.

24  *Akins v. Enterprise Rent-A-Car Co. of San Francisco*, 79 Cal. App. 4th 1127, 1133 (2000)

25  (internal citations omitted).

26  /////

7

1    Here, one discreet act by defendant formed the factual predicate for each of

2    plaintiff's claims: defendant's issuing a press release using plaintiff's name and

3    accomplishments.[3]  The jury found that this discreet conduct amounted to a violation of

4    plaintiff's right of publicity under California Civil Code § 3344, and awarded damages

5    accordingly.  Plaintiff succeeded on his claim that defendant's unauthorized use of his name

6    entitled him to damages.  Thus, "the fee award should not be reduced simply because the

7    plaintiff failed to prevail on every [claim] raised in the lawsuit."  *Id.*[4]

8    The court also is unpersuaded that plaintiff's settlement posture merits a

9    downward adjustment of the lodestar amount.  While the court recognizes the existence of

10   California case law approving a trial court's discretion to lower fees where the damages obtained

11   are less than the settlement offer, *see, e.g.*, *Meister v. Regents of University of California*, 67 Cal.

12   App. 437, 449 (1998), such a discretionary downward adjustment is not appropriate here.  Even

13   if plaintiff's settlement demands were significantly higher than what he obtained at trial,

14   defendant was free to box plaintiff in prior to trial by making an offer to allow judgment on

15   specified terms under Federal Rule of Civil Procedure 68; defendant did not make such an offer.

16   Moreover, plaintiff maintains and defendant does not dispute that "in spite of the court's clear

17   instructions that a principal with full settlement authority be present at the [settlement]

18   conference, AT&T did not have a principal (or any representative) at the conference."  (Pl.'s

19   /////

20

21   [3] When Yeager initiated this action, he asserted claims based on the press release for:
22   (1) violation of the common law right of publicity, (2) violation of the statutory right of publicity under Civil Code § 3344, (3) a Lanham Act claim for false endorsement under 15 U.S.C.
23   § 1125(a), (4) unjust enrichment, (5) violation of California Business & Professions Code § 17200, and (6) violation of California Business & Professions Code § 17500.

24   [4] Defendant maintains the fee should be reduced because counsel's "invoices do not
25   contain enough detail to enable to court to reliably apportion the fees among Yeager's successful and unsuccessful claims."  (Def.'s Opp'n at 15:9-10)  Because the court finds that
26   apportionment of fees among plaintiff's various claims is inappropriate, defendant's argument in this regard is unavailing.

1  Mot. at 6:10-12.)  Under these circumstances, the court cannot determine that any unreasonable

2  negotiation posture on plaintiff's behalf militates in favor of lowering his attorney's fees.

3          The court finds plaintiff is entitled to the $160,757 he incurred with the law

4  offices of  Zarian, Midgley & Johnson.

5          C.       Costs Under California Civil Code § 3344

6          Plaintiff seeks costs in the amount of $15,437.72 under Section 3344.  (Pl.'s Mot.

7  at 16:6-17:9.)  Defendant maintains the requested costs either are not recoverable or should not

8  be awarded because they are duplicative of the costs plaintiff seeks under Federal Rule of Civil

9  Procedure 54, as described below.  (Def.'s Opp'n at 16:6-8.)

10         Section 3344 provides that the prevailing party may recover costs.  CAL. CIV.

11 CODE § 3344(a).  "Under California law, where a statute such as § 3344 authorizes an award of

12 costs but is silent as to which costs are to be awarded, the "[c]ourt must look to Code of Civil

13 Procedure § 1033.5,[5] which sets forth those costs that may or may not be recovered in a civil

14 action."  *Bonner*, 2008 WL 410260, at *7 (citing *Page v. Something Weird Video*, 960 F. Supp.

15 1438, 1447 (C.D.  Cal.1996)).  Where Section 1033.5 does not expressly authorize certain costs,

16 the court may award costs "reasonably necessary to the conduct of litigation rather than merely

17 convenient or beneficial to its preparation."  *Id.* (citing CAL. CIV. CODE § 1033.5).

18         The court finds that plaintiff's request for filing, motion and jury fees, deposition-

19 related costs, service-related costs, and exhibit-related costs are inappropriate because they are

20 duplicative of the costs plaintiff seeks under Federal Rule of Civil Procedure 54, as discussed

21 below.  (*Compare* Pl.'s Bill of Costs, ECF 234 *with* Pl.'s Mot. at 16:21-17:9; *see also* Pl.'s Reply

22 to Def.'s Objection to Bill of Costs, ECF 244.)

23 /////

24

25     [5] California Civil Code Section 1033.5 was amended in 2012, *see* 2012 Cal. Legis. Serv. Ch. 758 (A.B. 2684) (WEST), augmenting recoverable costs for court interpreter fees.  This amendment does not affect the court's analysis here.

26

1    Plaintiff also seeks $8,919.36 in "miscellaneous discretionary costs." (Pl.'s Mot.

2    at 17:17-8; Zarian Decl. at 27:12-11.)   Of this amount, plaintiff's request for $40.82 in fees for

3    legal research is prohibited by Section 1033.5. *See Bonner,* 2008 WL 410260, at *7 ("§ 1033.5

4    also expressly precludes recovery of other expenses, including fees for legal research (computer

5    or otherwise), . . .").  Plaintiff also seeks $2,400 in travel costs from Orange, California, to Grass

6    Valley, California, for settlement conference attendance. (Zarian Decl. at 27:16-7.)  Because

7    $2400 in expenses to travel within the state is excessive for a trip whose length is not clear from

8    the record, the court declines to award these costs.[6]  *See* CAL. CIV. CODE § 1033.5(c)(3)

9    ("Allowable costs shall be reasonable.").   The court also declines to award costs for meals during

10   trial preparation as meals are not necessary to conduct the litigation.  *Accord Bonner,* 2008 WL

11   410260, at *7 n.5 (declining to award meal expenses because they "are not necessary in order to

12   conduct the litigation").   The court also declines to award miscellaneous expenses for plaintiff's

13   travel to, and lodging in, Sacramento in connection with testifying at trial because they are

14   duplicative of the costs plaintiff seeks under Federal Rule of Civil Procedure 54, as discussed

15   below. (*Compare* Zarian Decl. at 27:13-30:120 *with*  Pl.'s Reply to Def.'s Objection to Bill of

16   Costs, ECF 244 at 4:7-26.)  The court finds that the remainder of the "miscellaneous expenses"

17   plaintiff requests, such as travel for plaintiff's counsel to attend settlement conference and

18   motions in limine, are appropriate because they are reasonably necessary to the conduct of the

19   litigation.  *See Bonner,* 2008 WL 410260, at *7 ("The fact that [plaintiff] hired counsel in Los

20   Angeles rather than San Francisco does not preclude [plaintiff] from recovering the costs of

21   [counsel's] travel.").

22   Based on the foregoing, the court declines to award plaintiff $3,190.4 of the

23   "miscellaneous expenses" plaintiff requests.  In total, $5,728.42 in costs is awarded to plaintiff

24

---

25   [6] The court could theoretically reduce the amount of travel expenses sought.  Plaintiff,
     however, has provided no detailed documentation of how those expenses were actually incurred.
26   The court, therefore, could only reduce the award in an arbitrary fashion, and declines to do so.

1   under California Civil Code § 3344, with all other costs excised as either prohibited or not

2   necessary to the litigation.

3          2.      Plaintiff's Bill of Costs (FED. R. CIV. P. 54)

4          Plaintiff also has filed a bill of costs in the amount of $46,575.90 under Federal

5   Rule of Civil Procedure 54(d). (Plaintiff's Bill of Costs, ECF 234-1.)  In plaintiff's reply, he

6   reduces the requested amount to $36,681.63. (Pl.'s Reply to Def.'s Objections, ECF 244).

7   Defendant objects to various portions of the bill of costs.  (Def.'s Objection, ECF 241; Def.'s

8   Reply to Pl.'s Response to Objections, ECF 245.)

9          Defendant objects to plaintiff's request for expert witness fees, deposition costs

10  and various "other costs."  Defendant maintains expert fees are not taxable unless the expert was

11  appointed by the court; the costs of transcripts of depositions plaintiff did not take are not

12  taxable; and plaintiff's "other costs" are not permitted either by statute or the local rules.  (ECF

13  241 at 1:12-3:21.)  Plaintiff replies that the court may, in its discretion, allow expert witness fees

14  under California Civil Code § 3344(a) because it allows for recovery of costs in addition to

15  attorney's fees.

16         Under Rule 54(d) of the Federal Rules of Civil Procedure, "unless . . . a court

17  order provides otherwise, costs — other than attorney's fees — should be allowed to the

18  prevailing party."  FED. R. CIV. P. 54(d). Taxation of costs to the prevailing party is further

19  governed by Eastern District Local Rule 292, which limits taxable costs to those enumerated in

20  28 U.S.C.  § 1920. E.D. CAL. L. R. 292(a); *see also Crawford Fitting Co v. J.T. Gibbons, Inc.*,

21  482 U.S. 437, 442-443 (1987).  The district court generally has discretion to determine what

22  constitutes a taxable cost within the meaning of 28 U.S.C. § 1920.  *See Amarel v. Connell*,

23  102 F.3d 1494, 1523 (9th Cir. 1997); *Alflex Corp. v. Underwriters' Lab., Inc.*, 914 F.2d 175, 177

24  (9th Cir. 1990). The court also has "discretion to refuse to award costs." *Ass'n of Mexican*

25  *American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000).  However, this

26  "discretion is not unlimited" as the "district court must 'specify reasons' for its refusal to award

costs." *Id.* at 592 (citing *Subscription Television, Inc. V. Southern Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)).

Here, defendant's objection regarding expert witness fees is well-taken.  Plaintiff cannot receive costs for expert witness fees in excess of a $40 per diem attendance fee.  The Supreme Court has held that "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of [28 U.S.C.] § 1821(b), absent contract or explicit statutory authority to the contrary."  *Crawford Fitting Co.*, 482 U.S. at 439.  28 U.S.C. § 1821(b) limits witnesses to a payment of "$40 per day for each day's attendance."  *Id.* at 442 (a federal court "may tax expert witness fees in excess of the [] limit set out in § 1821(b) only when the witness is court-appointed.").  Plaintiff is entitled to only $80 for the two days plaintiff's expert testified at trial.  (*See* Pl.'s Bill of Costs, ECF 234, Ex. 8(b)(5).)

The court finds the remainder of defendant's objections unavailing.  Specifically, the court finds that, under 28 U.S.C. § 1920, the following costs are recoverable:

| | |
|---|---|
| Fees to the Clerk of the Court | $550 |
| Service Fees | $629 |
| Reporter and Transcript Costs | $3,364.18 |
| Witness Costs | $906.70 |
| Exemplification | $1,570.42 |
| Per Diem Expert Costs | $80 |
| **Total** | **$7,100.30** |

III.   CONCLUSION

Based on the foregoing, plaintiff's motion for attorneys' fees and bill of costs are granted in part and denied in part.  Specifically:

1.      Plaintiff is entitled to $160,757.00 in attorney's fees.

2.      Plaintiff is entitled to $5,728.42 in costs under California Civil Code Section 3344.

3.      Plaintiff is entitled to $7,100.30 in costs under Federal Rule of Civil

Procedure 54(d) and Local Rule 292.

Defendant is hereby ordered to remit to plaintiff within fourteen days of this order

the total sum of $173,585.72.

DATED:  December 18, 2012.

_____

UNITED STATES DISTRICT JUDGE