1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GENERAL CHARLES E. "CHUCK"
     YEAGER,
12
                 Plaintiff,                    No. CIV S 07- 2517 KJM GGH
13
           vs.                                 ORDER
14
     AT&T MOBILITY, LLC, *et al.*,
15
                 Defendants.
16   _____/

17           This matter is before the court on the motion to intervene brought by judgment

18   lien creditors Connie Woelin, Ed Bowlin, Aviation Autographs, and Bowling Associates'

19   (collectively, "Movants").  Movants argue they are entitled to intervene, as judgment lien

20   creditors, under California Code of Civil Procedure Section 708.430, which permits "a judgment

21   creditor who has obtained a lien . . . to intervene in the action or proceeding . . . ."  (ECF 271 at

22   2:19-21.)  Movants insist, "[n]otwithstanding that the judgment in [this case] is final, [their]

23   motion is timely and will cause no prejudice to the rights of existing parties to the litigation or

24   substantially interfere with the orderly process of the court . . ."  (*Id.* at 3:1-6.)

25           Defendant AT&T Mobility, LLC and plaintiff General Charles E. Yeager oppose

26   the motion.  (ECF 280, 284.)  Defendant notes that it has filed a separate interpleader action, and

1

1 argues therefore that "Bowlin's right to a portion of the Judgment monies is protected and its

2 Motion to Intervene is moot." (ECF 280 at 2:20-21.) Defendant also argues, if the court, in its

3 discretion, allows intervention, "the other claimants to the judgment monies stand to be damaged

4 if the court were to make a positive determination in response to the Bowlin Motion and in

5 disregard of their claims to the [j]udgment [m]onies." (*Id.* at 3:19-21.) Plaintiff argues the

6 "Bowlins' decision to intervene after the entire case was litigated and adjudicated on the merits

7 is, by definition, untimely." (ECF 284 at 3:22-23.)

8 Intervention is governed by the Federal Rules of Civil Procedure and specifically

9 Federal Rule of Civil Procedure 24, not the California Code of Civil Procedure, as plaintiff

10 suggests.[1] "Federal Rule of Civil Procedure 24 requires that an application to intervene in federal

11 litigation must be 'timely.'" *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 387 (1977). Here,

12 the court finds the motion to intervene is untimely, because movants filed almost six months

13 after the entry of judgment in this case.[2] (*Compare* ECF 230 *with* ECF 271); *cf. Ansel Capital*

14 *Investment, LLC v. U.S.*, 448 F. App'x 709, 2011 WL 3701378, at *1 (9th Cir. Aug. 24, 2011)

15 ("Because the [lien holder] had ample opportunity to intervene in the district court litigation

16 prior to entry of the district court's judgment ordering judicial sale of the property, there was no

17

18     [1] Plaintiff's assertion that Federal Rule of Civil Procedure 69 incorporates California Code of Civil Procedure Section 708.430 is mistaken. Federal Rule of Civil Procedure 69

19 directs district courts to look to "the procedure of the state where the court is located" wherein a judgment creditor seeks to obtain discovery, but does not incorporate state procedural rules for

20 intervention. FED. R. CIV. P. 69(a)(2)

21     [2] Numerous courts have permitted intervention after entry of judgment, but only for the very limited purpose of prosecuting an appeal. *See, e.g., Pellegrino v. Nesbit*, 203 F.2d 463 (9th

22 Cir. 1953); *APL Co. Pte. Ltd. v. UK Aerosols Ltd., Inc.,* 2007 WL 2238048, at *2 (N.D. Cal. Aug. 2, 2007); *United States ex rel. McGough v. Covington Technologies Co.*, 967 F.2d 1391,

23 1395 (9th Cir. 1992) (*quoting Yniguez v. Mofford*, 130 F.R.D. 410, 414 (D. Ariz. 1990), *aff'd in part, rev'd in part*, 939 F.2d 727 (9th Cir. 1991) ("Although post-judgment motions to intervene

24 are generally disfavored, post-judgment intervention for purposes of appeal may be appropriate if certain requirements are met, . . ."). Movants, however, have not indicated an intent to

25 prosecute an appeal; indeed, doing so would be antithetical to their own interest as judgment creditors.

26

1    deprivation of the [lien holder's] due process rights"); *see also United States v. Carey*, 2010 WL

2    2180364, at \*2 (E.D. Cal. May 26, 2010) (holding that a motion to intervene was untimely

3    because it was filed well after the entry of judgment).

4              Even if movants' motion were timely*,* defendants' filing of an interpleader action

5    and deposit of the judgment monies with the court cuts against intervention.  Denying

6    intervention will not, "as a practical matter impair or impede the movants' ability to protect

7    [their] interest, . . ." because they are named as claimants in defendant's interpleader action.

8    FED. R. CIV. P. 24(a)(2).  (*See* Decl. of Laura Kohut, ECF 280-1 ¶ 4, Ex. B.)  Moreover,

9    intervention here would delay the interpleader action and prejudice defendant's ability to pay the

10   priority lien holder, thereby subjecting it, potentially, to multiple liabilities.  *See* FED. R. CIV. P.

11   24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will

12   unduly delay or prejudice the adjudication of the original parties' rights.").

13             Based on the foregoing, the motion to intervene is DENIED.

14             IT IS SO ORDERED.

15   DATED: March 21, 2013.

16

17   _____
     UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

3