IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

GENERAL CHARLES E. "CHUCK"
YEAGER,

                  Plaintiff,                  No. 2:07-cv-02517-KJM-GGH

    vs.

AT&T MOBILITY, LLC, *et al.*,

                Defendants.          <u>ORDER</u>

_____/

        This case is before the court on plaintiff's supplemental motion for attorneys' fees and costs (ECF 278) and motion for reconsideration (ECF 279).  For the reasons explained below, plaintiff's motion for attorneys' fees and costs is GRANTED in part and DENIED in part, and plaintiff's motion for reconsideration is DENIED.

I.      RELEVANT FACTS AND PROCEDURAL HISTORY

        On June 8, 2012, plaintiff prevailed in a jury trial against defendant on his claim that defendant violated his right to publicity under California Civil Code Section 3344 when defendant used plaintiff's name to promote its cell phone service.  (ECF 222.)  On June 7, 2012, after the close of plaintiff's case, defendant moved for judgment as a matter of law under

/////

1

Federal Rule of Civil Procedure 50.  (ECF 220).  Defendant filed a renewed motion on July 9, 2012 (ECF 242); the court denied the motion on August 31, 2012.  (ECF 264.)

Plaintiff filed a bill of costs on June 25, 2012 (ECF 234) and filed a motion for attorney's fees on July 9, 2012 (ECF 243).  Along with plaintiff's motion for attorneys' fees, plaintiff submitted billing records from his current counsel Zarian Midgley & Johnson and its successor firm Parsons, Behle & Latimer (Exs. 1-A-O, ECF 243-4; Decl. of John N. Zarian ¶ 3, ECF 289-2), as well as his many former counsel Farber & Foote, LLP (Ex. 2-A, ECF 243-5), The Law Office of Patrick A. McCall (Ex. 3-A, ECF 243-6), Foster, Swift, Collins & Smith, PC (Ex. 4-A, ECF 243-7), The Law Offices of Joanna R. Mendoza (Ex. 5-A, ECF 243-8), Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP (Ex. 6-A, ECF 243-9), Holt Law Firm (Ex. 7-A, ECF 243-10), de la Peña & McDonald (Exs. 8-A-K, ECF 243-11), Wild, Carter & Tipton (Exs. 9-A-X, ECF 243-12), and The Lesser Law Group (Ex. 10-A, ECF 243-13). Plaintiff submitted the declaration of John N. Zarian, plaintiff's current counsel, which states that each exhibit is a true and correct copy of the billing records.  (ECF 243-3.)  Plaintiff also submitted the declaration of Victoria Yeager summarizing the qualifications, billing rate, and the amount paid by plaintiff for a tenth former counsel, the Law Offices of Joseph W. Scalia. (ECF 243-2.)

On August 8, 2012, defendant submitted an opposition to the motion for attorneys' fees.  (ECF 250.)  Defendant argued that there was no evidence supporting the fee request for services performed by the Law Offices of Joseph W. Scalia and that the billing records submitted for his former counsel were not properly authenticated because Mr. Zarian does not have personal knowledge of the work performed by previous counsel, their qualifications, or the reasonableness of their rates.  (*Id.* at 3-5.)  Plaintiff submitted a reply brief arguing that Mr. Zarian had properly authenticated the billing records.  (ECF 256 at 4.)

The motion for attorneys' fees was set for the court's August 24, 2012 calendar. On August 20, 2012, the court issued a minute order restricting oral argument to the following two issues: "(1) whether plaintiff should be permitted to supplement the record to properly authenticate the records of the fees incurred; and (2) whether the Federal Rules of Evidence

2

apply to the motion for attorney's fees." (ECF 258.)  At hearing, plaintiff argued that assuming the Federal Rules of Evidence apply, the statements he submitted authenticate the billing records of each of plaintiff's prior firms, but asked that he be allowed to supplement the record if the court found otherwise.  (Tr. at 3:14-21, 5:14-6:7, ECF 263.)  Additionally, plaintiff explained that he had had difficulty obtaining declarations from some of the previous counsel due to disputes between plaintiff and those counsel.  (*Id.* at 4:25-5:7.)  The parties also addressed whether Federal Rule of Civil Procedure 6 would apply to supplementation of the record, and whether plaintiff should be required to make a formal motion to supplement.  (*Id.* at 10:18-11:2, 12:9-23.)

On December 18, 2012, the court granted plaintiff's motion for fees and bill of costs in part and denied them in part.  (Order, ECF 270.)  The court denied plaintiff's request for $132,150.72 in fees paid to his previous counsel, holding that the Federal Rules of Evidence applied and that the invoices of the previous counsel were not properly authenticated.  (*Id.* at 5.)  The court also granted in full plaintiff's request for $160,757 in fees paid to his current counsel; granted in part plaintiff's request for costs under California Civil Code § 3344 (granting $5728.42 of the $15,437.72 requested); and granted in part plaintiff's request for costs under Federal Rule of Civil Procedure 54(d) (granting $7100.30 of the $36,681.63 requested).  (*Id.*)

On January 2, 2013, plaintiff filed a motion for leave to file a supplemental motion for attorneys' fees.  (ECF 277.)  In this motion, plaintiff seeks an award of $26,039 in attorneys' fees incurred between July 1, 2012 and September 30, 2012.  (ECF 277; ECF 278.)  Plaintiff has provided invoices for services from the law firm of Parsons, Behle & Latimer, PLC for July and August 2012 detailing expenses.  (ECF 278-1.)  Plaintiff's invoices indicate that the fees and costs were incurred preparing plaintiff's original bill of costs and motion for attorneys' fees and preparing an opposition to defendant's motion for judgment as a matter of law.  (Ex. 1, ECF 278-2; Ex. 2, ECF 278-3.)  Defendant filed an opposition to this motion on January 31, 2013.  (ECF 281.)  Plaintiff filed a reply on February 8.  (ECF 287.)  Plaintiff requests fees for hours billed to four of its firm's professionals as follows:

3

| Professional | Hours |
|---|---|
| John N. Zarian | 10.1 |
| Kennedy K. Luvai | 67.9 |
| Benjamin E. Hoopes | 40 |
| Josh Sweet | 16.7 |
| **Total** | 134.7 |

(Ex. 1, ECF 278-2; Ex. 2, ECF 278-3.)  Additionally, plaintiff seeks $529.63 in costs and expenses incurred in obtaining trial transcripts for preparing an opposition to defendant's renewed motion for judgment as a matter of law.  (Ex. 1, ECF 278-2.)

On January 16, 2013, plaintiff filed a motion asking the court to reconsider its decision in the court's December 18, 2012 order not to award plaintiff the fees incurred by previous counsel.  (ECF 279.)  Plaintiff asserts he is now able to proffer admissible evidence reflecting the fees actually incurred, so reconsideration is warranted and the court should permit him to supplement the record with declarations he has obtained from previous counsel.  (ECF 288 at 2.)  Before the August 24 hearing, plaintiff had obtained declarations from Foster, Swift, Collins & Smith, PC, the Law Offices of Patrick A. McCall, and Farber & Foote; he obtained declarations from Wolf, Rifkin, Shapiro, Schulman & Rabkin and de la Peña & McDonald after the hearing.  (Decl. of John N. Zarian, ECF 279-2.)  Plaintiff has not been able to obtain declarations from Wild, Carter & Tipton, The Law Offices of Joanna Mendoza, Holt Law Firm, or The Lesser Law Group.  (*Id.*)  Defendant filed an opposition to the motion for reconsideration on January 31.  (ECF 282.)  Plaintiff filed a reply on February 8.  (ECF 288.)

II.     MOTION FOR RECONSIDERATION

A.  Standard

Motions for reconsideration that seek to amend a judgment are governed by Federal Rule of Civil Procedure 59 and Local Rule 230(j).  Under Rule 59(e), a party may move to "alter or amend a judgment" within twenty-eight days of the entry of the judgment. Although the Rule does not list specific grounds for such a motion, the Ninth Circuit has said that a Rule 59(e) motion may be granted if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v.*

4

*City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).   This court has "considerable discretion" when considering such a motion.  *Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).  A motion to reconsider under Rule 59(e) "may not be used to . . . present evidence that could have been raised prior to the entry of judgment."  *Franklin v. Dudley*, S-07-2259 KJM-KJN, 2011 WL 6293258, at *1 (E.D. Cal. Dec. 15, 2011) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1, at 127-128 (2d ed. 1995))).  "Rule 59(e) 'does not provide a vehicle for a party to undo its own procedural failures [or] allow a party to introduce new evidence . . . that could have and should have been presented to the district court prior to the judgment.'"  *Williams v. Barteau*, 1:08-CV-546 AWI DLB, 2010 WL 1751797, at *1 (E.D. Cal. Apr. 30, 2010) (quoting *DiMarco-Zappa v. Cabanillas,* 238 F.3d 25, 34 (1st Cir. 2001)).  The rule provides "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)).

Under Local Rule 230(j), the party moving for reconsideration must set forth "(1) when and to what [j]udge . . . the prior motion was made; (2) what ruling . . . was made thereon; (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time of the prior motion."  L.R. 230(j).  "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Knight v. Rios*, No. 1:09-cv-00823-AWI-JLT HC, 2010 WL 5200906, at *2 (E.D. Cal. Dec. 15, 2010).

B.  Analysis

Plaintiff asks the court to reconsider its decision regarding fees incurred by previous counsel now that current counsel has obtained declarations from several former counsel that authenticate the previously submitted billing records.  (ECF 279-1 at 3-4.) Plaintiff explains that because of the difficulties he encountered contacting prior counsel, he

decided after the August 24 hearing "that the prudent course would be to await guidance from the Court and then to determine whether, how and when to submit any additional evidence." (*Id.* at 4.)  He argues that it is within the court's discretion to allow supplementation of the record to authenticate the billing records.  (*Id.*)

Defendant asserts that plaintiff has not demonstrated that the evidence could not have been submitted before the court issued its order.  (ECF 282 at 5.)  The court agrees.  The court never explicitly told plaintiff he would not be allowed to supplement the record.  *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880-81 (9th Cir. 2009) (district court did not abuse discretion in denying motion for reconsideration of preliminary injunction based on new evidence, where although court stated it would not consider particular issue during the hearing, it did not instruct party to not submit evidence on the issue).  That said, although plaintiff argues that certain former counsel refused to provide a declaration unless the court specifically required it, plaintiff has not explained why he was unable to submit the declarations he had obtained before the court issued its order.  Moreover, it is not the court's job to litigate a party's position by imposing "requirements" that are an aspect of a burden the party must meet to prevail on a point of law.  Because plaintiff has not demonstrated that the evidence he seeks to submit now could not have been presented before the court issued its December 18, 2012 order, the motion for reconsideration is denied.

III.   LEAVE TO SUPPLEMENT MOTION FOR ATTORNEYS' FEES AND COSTS

A.  Attorneys' Fees

1.  Standard

"The rule in this circuit requires that federal courts in diversity actions apply state law with regard to the allowance (or disallowance) of attorneys' fees."  *Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir. 1985); *see also Bonner v. Fuji Photo Film*, 2008 WL 410260, at *2 (N.D. Cal. Feb. 12, 2008) ("In a diversity case, as here, the availability of attorney's fees is governed by state law.").  Section 3344 provides that "[t]he prevailing party in any action under this section shall . . . be entitled to attorney's fees and costs."  CAL. CIV. CODE § 3344(a).  In general, California law allows a party to recover attorneys' fees incurred through

6

1   the preparation of an initial motion for statutory attorney's fees. *Graham v. DaimlerChrysler*

2   *Corp.*, 34 Cal. 4th 553, 580 (Cal. 2004) (allowing fee for fee recovery under California public

3   interest litigation statute); *Serrano v. Unruh*, 32 Cal. 3d 621, 626-27 (1982) (en banc) (same).

4   At least one court has granted fees for time spent recovering fees under Section 3344(a).

5   *Cusano v. Klein*, No. CV 97-4914 AHM (AIJx), 1999 WL 34834936, at *6 (C.D. Cal. Dec. 15,

6   1999), *aff'd in part, vacated in part on other grounds*, 264 F.3d 936 (9th Cir. 2001). However,

7   the party may only recover fees "reasonably spent on fee-related issues." *Serrano*, 32 Cal. 3d

8   at 635. *See also EnPalm, LCC v. Teitler Family Trust*, 162 Cal. App. 4th 770, 775 (Cal. Ct.

9   App. 2008); *Harman v. City & County of San Francisco*, 158 Cal. App. 4th 407, 417 (Cal. Ct.

10  App. 2007).

11          State law also controls the method of calculating fees. *Mangold v. Cal. Pub.*

12  *Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir.1995). California courts calculate an award of

13  attorneys' fees by using the lodestar method. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (Cal.

14  2001). "The lodestar figure is calculated using the reasonable rate for comparable legal

15  services in the local community for noncontingent litigation of the same type, multiplied by the

16  reasonable number of hours spent on the case." *Nichols v. City of Taft*, 155 Cal. App. 4th 1233,

17  1242-43 (Cal. Ct. App. 2007) (emphasis removed).

18          The lodestar figure may be adjusted based on consideration of factors specific to

19  the case. *See Serrano v. Priest*, 20 Cal. 3d 25, 49 (Cal. 1977). Factors to consider in enhancing

20  or reducing the lodestar include: "(1) the novelty and difficulty of the questions involved; (2)

21  the skill displayed in presenting them; (3) the extent to which the nature of the litigation

22  precluded other employment by the attorneys; and (4) the contingent nature of the fee award."

23  *Nichols*, 155 Cal. App. 4th at 1240.

24          The procedure for seeking attorneys' fees in federal court is governed by federal

25  law. *Riordan v. State Farm Mut. Auto Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009). Under

26  Rule 54(d) of the Federal Rules of Civil Procedure, "[u]nless a statute or court order provides

27  otherwise," a motion for attorney's fees must "be filed no later than 14 days after the entry of

28  judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). This district's local rules allow motions for

attorneys' fees to be filed within twenty-eight days of judgment. L.R. 293. The motion must "state the amount sought or provide a fair estimate of it." FED. R. CIV. P. 54(d)(2)(B)(iii). The Ninth Circuit has held that the Rule 54(d)(2)(B) time limit is tolled when post-trial motions under Rule 50 or Rule 59 are pending because "those motions operate to suspend the finality of the district court's judgment." *Bailey v. Cnty. of Riverside*, 414 F.3d 1023, 1025 (9th Cir. 2005). "Although 'the 14–day period is not jurisdictional, the failure to comply [with Rule 54] should be sufficient reason to deny the fee motion, absent some compelling showing of good cause.'" *Kona Enters., Inc.*, 229 F.3d at 889-90 (quoting James Wm. Moore et al., *Moore's Federal Practice* § 54.151[1] (3d ed. 2000)).

      2.   Analysis

         a.   Timeliness

         Defendant asserts that plaintiff's supplemental motion for attorneys' fees is untimely. (ECF 281 at 3-5.) At least one district court has held that Rule 54(d)(2)(B)(i)'s fourteen-day time period for requests to recover fees incurred preparing motions for attorneys' fees begins when the court issues an order granting the original fee request. *McGuffey v. Brink's, Inc.*, CIV. A. 05-2840, 2009 WL 2476621, at *2 (E.D. Pa. Aug. 11, 2009). In contrast, other courts have concluded that supplemental motions for attorney's fees should be filed a reasonable time after judgment is entered in favor of the prevailing party, even if the supplemental motion is not filed within the normal fourteen day window. In the Third Circuit's review of a district court's grant of supplemental attorneys' fees under the Equal Access to Justice Act, the court noted the party "could and should have supplemented their fee request prior to the court's decision," instead of waiting three months to file the supplemental motion, because the fees were incurred and known to the prevailing party before the district court granted the initial motion for attorneys' fees. *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 210 (3d Cir. 2000). The Third Circuit noted that "equitable considerations" would have justified the district court's refusal to consider the supplemental motion, but that the district court's choice to consider the supplemental request was within its discretion.

8

Other district courts have held that even when an initial fee motion is timely filed, a supplemental motion is untimely if filed well after the fourteen day period prescribed by Rule 54, even if the fees sought had not yet been incurred. *See King v. Midland Credit Mgmt., Inc.*, No. 11-CV-02808-CMA-BNB, 2013 WL 2236934, at *2 (D. Colo. May 21, 2013); *Miracle Gash v. Client Servs., Inc.,* No. 12–cv–01426, 2013 WL 1130717, at *4-5 (D. Colo. Mar. 18, 2013) ("If [p]laintiff wished to seek fees for the time spent responding to the reply in her initial motion, Rule 54 provides such a mechanism by allowing a party to provide a fair estimate for the amount of fees sought."). However, the court in *Gonzalez v. Bratton* considered a plaintiff's supplemental motion for attorneys' fees that was filed four months after the court's judgment and ruling on the original motion for fees, because the "applicable standards and parameters governing the appropriateness of attorneys' fees" had been litigated and both the supplemental fees and delay were caused in part by the defendants' lack of diligence. 247 F. Supp. 2d 432, 434-35 (S.D.N.Y. 2003).

Defendant contends that plaintiff should have included his current request for fees with his original motion for fees, or as a supplement before the court issued its order, because plaintiff was aware that he was incurring additional fees through litigating that motion, as well as the motion for judgment as a matter of law. (ECF 281 at 6.) Defendant asserts that plaintiff should have submitted any of his fee requests by July 9, 2012, because judgment was entered on June 11, 2012, after plaintiff prevailed in the jury trial. (ECF 281 at 4.) Plaintiff responds that the filing of his supplemental motion on January 2, 2013 is not untimely because it was filed within fourteen days of the court's December 19, 2012 order granting the original attorneys' fees motion in part, well within the twenty-eight day period provided by Local Rule 230. (ECF 287 at 2.)

Unlike in the cases cited above considering supplemental motions for attorneys' fees, plaintiff's motion is not based on the original motion for attorneys' fees alone; it also requests fees for opposing defendant's post-trial motion for judgment as a matter of law. Plaintiff has not explained why a fee request relating to this motion is not subject to the twenty-eight day deadline. At the same time, under *Bailey*, the time for plaintiff to file a motion for

9

1    attorneys' fees was tolled until the court ruled on defendant's motion for judgment as a matter

2    of law on August 31, 2012, contrary to defendant's assertion that the relevant date is the date of

3    entry of judgment on June 11.  Even so, defendant is correct that plaintiff significantly delayed

4    filing his request for fees.  Plaintiff  should have filed his motion to recover fees for the 23.7

5    hours[1] of attorney time expended responding to the motion for judgment as a matter of law by

6    September 28, 2012, twenty-eight days after the court's order issued.  Accordingly, the court

7    denies plaintiff's motion for fees as to those that were incurred responding to the motion for

8    judgment as a matter of law.

9                While plaintiff could have submitted his request for fees incurred preparing the

10   first motion for fees and bill of costs earlier, in the court's opinion, plaintiff's delay was not

11   unreasonable.  It was reasonable for plaintiff to believe that the clock for filing this motion

12   began when the court issued its order on plaintiff's previous motion on December 18, the same

13   conclusion the court reached in *McGuffey*.  Neither side has provided Ninth Circuit authority

14   addressing this specific issue and the court has found none.  Even applying the approach of the

15   Third Circuit in *Eleven Vehicles* and other courts that have stated that supplemental motions for

16   attorneys' fees should not be considered if they are filed well after entry of judgment, the four

17   month delay here is not overly long, all things considered.

18                b.  Reasonableness of Fees

19                Defendant also objects to granting fees for numerous items on the invoices

20   submitted by plaintiff in support of his pending request for fees.  First, defendant objects that

21   plaintiff should not receive fees for time spent preparing declarations explaining fees incurred

22   by his previous counsel submitted as part of his original motion, as the court denied these fees

23   in its earlier order, finding that the declarations did not properly authenticate invoices from

24   previous counsel.  (ECF 281 at 6.)  Plaintiff does not seriously respond to this objection.  (ECF

25   287 at 3.)

26   ──────────

27        [1] This figure, as well as others throughout this section of the order, comes from the
     invoices submitted by plaintiff.  (*See* Ex. 1, ECF 278-2; Ex. 2, ECF 278-3.)

28

The court agrees that this time was not reasonably spent recovering fees and will not grant plaintiff fees for time spent on these tasks. However, with the exception of 15.1 hours that were clearly spent on declarations from previous counsel, the invoices submitted by plaintiff do not allow the court to differentiate between time spent preparing those exhibits and those that ultimately led to an award of fees. For example, on July 5, 2012, Kennedy K. Luvai spent 1.8 hours reviewing and analyzing statements from plaintiff's current and former counsel. (Decl. of John N. Zarian, Ex. 1, ECF 278-2.) The description of this task suggests that part of the 1.8 hours was spent preparing exhibits showing hours billed by Parsons Behle & Latimer and Zarian Midgley & Johnson, which did lead to an award of fees by the court. Because plaintiff successfully recovered approximately half of the fees he sought in his original motion, the court will award fees for half of the 76.8 hours billed to preparing the motion, where it appears that the time was spent on both successful and unsuccessful claims. *See Serrano*, 32 Cal. 3d at 635 ("A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether."); *Harman*, 158 Cal. App. 4th at 417-18 (court may reduce the amount of fees awarded in relation to success of claims).

Although defendant does not object to awarding fees for the 13.7 hours billed toward creating the bill of costs, the court will also reduce the amount of fees awarded for this activity by seventy-five percent, in light of the fact that the court granted plaintiff approximately one quarter of the costs he requested.

Defendant specifically objects to several entries regarding declarations of Joanna R. Mendoza, one of plaintiff's former counsel. (ECF 281 at 8.) Because the court is not awarding plaintiff fees for preparing these declarations, the court need not reach this objection.

Finally, the court will award one quarter of the fees requested for the 0.8 hours it appears Mr. Zarian spent communicating with plaintiff about the status of the bill of costs, motion for attorneys' fees, and motion for judgment as a matter of law.

/////
/////

1    Defendant has not objected to the billing rates claimed by plaintiff, which are

2 the same as those the court approved in its first order on the motion for attorney's fees.  The

3 court accordingly accepts plaintiff's billing rates for this second motion.

4    Accordingly, plaintiff is awarded attorneys' fees as follows:

| | Total Hours | Fees Awarded | | | |
|---|---|---|---|---|---|
| Motion for Attorney's Fees (excluding hours spent preparing declarations of former counsel) | 76.8 | <u>Professional</u> | <u>Hours</u> | <u>Rate</u> | <u>Awarded</u> |
| | | Zarian | 4 | $330/hr | $660 |
| | | Luvai | 36.9 | $205/hr | $3782.25 |
| | | Hoopes | 21.8 | $180/hr | $1962 |
| | | Sweet | 14.1 | $95/hr | $669.75 |
| Bill of Costs | 13.7 | <u>Professional</u> | <u>Hours</u> | <u>Rate</u> | <u>Awarded</u> |
| | | Luvai | 4.2 | $205/hr | $215.25 |
| | | Hoopes | 8.6 | $180/hr | $387 |
| | | Sweet | 0.9 | $95/hr | $21.38 |
| Other | 0.8 | Zarian | 0.8 | $330/hr | $66 |
| **Total** | **91.3** | | | | $7763.63 |

B.  Costs

    Section 3344 provides that the prevailing party may recover costs.  CAL. CIV.

CODE § 3344(a).  "Under California law, where a statute such as § 3344 authorizes an award of

costs but is silent as to which costs are to be awarded, the "[c]ourt must look to Code of Civil

Procedure § 1033.5,[2] which sets forth those costs that may or may not be recovered in a civil

action."  *Bonner*, 2008 WL 410260, at *7 (citing *Page v. Something Weird Video*, 960 F. Supp.

1438, 1447 (C.D. Cal. 1996)).  California Code of Civil Procedure Section 1033.5 explicitly

prohibits awarding costs for transcripts of court proceedings that were not ordered by the court.

CAL. CIV. PROC. CODE § 1033.5(b)(5).  Because plaintiff's request for $573.30 in costs is based

on the cost of ordering a transcript not ordered by the court, this request is denied.

/////

---

    [2] California Civil Code Section 1033.5 was amended in 2012, *see* 2012 Cal. Legis.
Serv. Ch. 758 (A.B. 2684), augmenting recoverable costs for court interpreter fees.  This
amendment does not affect the court's analysis here.

IV.     CONCLUSION

        For the reasons stated above:

        1.   Plaintiff's motion for attorneys' fees is GRANTED in part and DENIED in
             part.  Plaintiff is awarded $7763.63 in attorneys' fees.

        2.   Plaintiff's motion for reconsideration is DENIED.

        IT IS SO ORDERED.

DATED:  August 30, 2013.

                                         _____
                                         UNITED STATES DISTRICT JUDGE

13